## CHENAULT v. MAUER MERCANTILE CO.

No. 6006.  Opinion Filed January 11, 1916.

(154 Pac. 507.)

1. **SALES—Contract of Sale—Option.** A contract worded as follows: "The seller agrees to sell and the buyer agrees to buy upon the terms as stated herein," is not an optional contract upon the part of the buyer, but is binding upon both parties.

2. **APPEAL AND ERROR—Change of Contention—Defense—Sales.** A party entered into a contract to purchase a certain amount of goods by a certain date. Sixty days before the expiration of said

time the seller shipped to the buyer the total amount of said goods. The buyer refused to accept the same, and after the expiration of said time mentioned in the contract, suit was instituted upon the account. The party set up as his defense that the contract gave him an option to purchase the goods by said date and was not binding upon him until he elected to exercise the same. **Held,** where the defense was based upon that ground alone in the trial court, he will not be heard for the first time to urge upon appeal that the goods were prematurely shipped.

3. **APPEAL AND ERROR—Harmless Error—Interpretation of Contract.** Ordinarily it is the sole province of the court to interpret a contract introduced in evidence; but where the court erroneously leaves the interpretation to the jury, and the jury places the correct construction thereon, the error of the court does not prejudicially affect the rights of the complaining party.

4. **APPEAL AND ERROR—Presentation Below — Instructions— General Exception.** A general exception to the entire instructions saves nothing for review here.

(Syllabus by Mathews, C.)

*Error from County Court, McIntosh County;*
*Ben D. Gross, Judge.*

Action by the Mauer Mercantile Company, a corporation, against G. S. Chenault. Judgment for plaintiff, and defendant brings error. Affirmed.

*Charles R. Freeman,* for plaintiff in error.

*McLaury & Hopps,* for defendant in error.

Opinion by MATHEWS, C. The parties will be designated here as in the trial court. On the 14th day of May, 1910, plaintiff and defendant executed a contract wherein it was stipulated that the plaintiff agreed to sell, and the defendant agreed to buy, certain merchandise, and the contract contained a clause to the effect that the goods should be shipped "as ordered out by December 30, 1911." The defendant buyer having failed to "order out" the merchandise, on October 30, 1911, the plaintiff seller shipped the same to the defendant, which

the defendant refused to accept, whereupon, in June, 1912, the plaintiff instituted suit upon the account. The case was tried to a jury, which found for plaintiff, and defendant prosecutes this appeal.

The main question in this case is whether or not the written contract between the parties bound the defendant to purchase the merchandise mentioned in the contract by the said date of December 30, 1911, or merely gave him an option to purchase said merchandise by said date at the price stated in the contract. Other questions arise in the case, but a decision on this point practically decides the whole case; but we will discuss the assignments in the order in which defendant presents the same in his **brief.**

Defendant first complains that the plaintiff shipped the merchandise in controversy 60 days before the expiration of the contract and without any order from the defendant. If defendant had based his defense upon this point in the trial court, it is possible he might have been entitled to relief of some nature; but the evidence in the case shows that defendant informed plaintiff, prior to the shipment, that he would not comply with the contract or accept the merchandise. This being his state of mind, we are unable to see how he could take advantage of the fact that the goods were **prematurely shipped. Nowhere** in the record is it shown that the defendant rejected the **merchandise on that ground, but his** only contention throughout the trial was that the **contract was an op**tional one, and that he was not bound by the contract to take the merchandise, unless he elected to do so.

The defendant next complains of the action of the court in leaving to the jury the duty of interpreting a

certain clause in the contract in controversy. Ordinarily it is the province of the court to construe and interpret written contracts when introduced as evidence in the case; but even if defendant's contention that the court should have construed the contract in the case at bar be correct, yet, as we view it, the construction the jury placed on the contract was the proper one, and therefore the action of the court here complained of, if error, did not prejudicially affect the rights of the defendant.

The defendant next urges that if the plaintiff was entitled to recover at all, it could only recover the difference in the market value of the goods and the contract price for which they were sold to defendant, and complains of the court's instruction on this point to the effect that if the jury found for the plaintiff the measure of its damages would be the contract price of the merchandise in controversy. An examination of the record reveals that the only exception to the court's instruction reserved by the defendant was a signed stipulation between the attorneys to the effect that a general exception might be reserved to all of the instructions given by the court. It has long since become the settled law of this jurisdiction that such an exception saves nothing for review here.

This brings us to the controlling proposition in this case, and that is, Was the contract an optional one? In interpreting this contract we see no room for argument. The language used is clear and unequivocal, and to the effect that the parties thereto bind themselves in positive terms. The language used therein is as follows: "The seller agrees to sell, and the buyer agrees to buy, upon the terms as stated herein." If there had been an omis-

sion of the words, "the buyer agrees to buy," then plaintiff in error's contention that it was an optional contract upon the part of the buyer might be correct; but the buyer bound himself here in almost the same language that bound the seller. In all the cases cited by plaintiff in error we find the contracts to have been unilateral, and not bilateral, as is the contract under consideration. The only option the buyer was given here was the right to order out the merchandise at such time as he might elect up to December 30, 1911.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.